UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC HOLDER,<br><br>       Plaintiff,<br><br>  v.<br><br>SUSAN MAURER, ET AL.,<br><br>       Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 02-cv-2545 (JEI)<br><br>**OPINION** |

**APPEARANCES:**

ERIC HOLDER, Plaintiff *Pro Se*
# 257240/236768B
Bayside State Prison
4293 Rt. P.O. Box F-1
Leesburg, NJ 08327

MURPHY & O'CONNER
BY: STEPHEN E. SIEGRIST
Commerce Center
1810 Chapel Avenue West, Suite 130
Cherry Hill, New Jersey 08002-4607
    Counsel for Defendants Ellen Warner, George Achebe, M.D.,
    Raymundo Tagle, M.D., Rizwana Hamid, M.D., Nora Dunn and Mary
    Thomas

OFFICE OF THE NJ ATTORNEY GENERAL
BY: CHRISTOPHER C. JOSEPHSON
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
    Counsel for Defendants Woolson, Pitts, Zeck, Ware, Heise,
    Burnett, and Carrol

ORLOVSKY, MOODY, SCHAAFF & GABRYSIAK
BY: PAUL F. SCHAFF
187 Highway 36
W. Long Branch, NJ 07764
    Counsel for Defendant Shah

**IRENAS**, Senior District Judge:

Defendant Dr. Himansha Shah moves for summary judgment on Plaintiff Eric Holder's § 1983 claim alleging deliberate indifference to Holder's medical needs while Holder was incarcerated.  Holder, who is *pro se*, has not submitted opposition to the motion.[1]

The Motion for Summary Judgment will be granted.  There is no evidence in the record demonstrating that Holder had a serious medical need requiring treatment or that Dr. Shah acted with deliberate indifference.

**I.**

The facts of this suit, brought against 28 different Defendants, have been recounted in three previous opinions by this Court.  Thus, we only recount a brief background and the facts relevant to the present motion.

On January 18, 2001, Holder, an inmate at Southwoods State Prison in New Jersey ("South Woods"), was involved in a physical altercation with multiple prison officers.  (Am. Compl. at ¶¶ 19-40) He asserts that the incident exacerbated pre-existing medical conditions he had, especially with regard to his vision.  Holder was initially treated at Bridgeton Hospital and released into the

---

[1] The return date for this motion was December 2, 2005.

2

custody of New Jersey State Prison's infirmary where he was treated and observed for approximately two weeks.  During that time he voiced various physical complaints, including dizziness, reduced vision, extreme head pain around the temple and eyes, and seeing "dark spots floating." (Id. at ¶¶ 51-58)  Holder alleges that he was prescribed eye drops and pain relievers. (Id. at ¶ 56)

After Holder's release from the infirmary, his medical treatment continued.  Dr. Shah, an ophthalmologist,[2] first examined Holder on March 5, 2001.  (Def's Ex. C (Certification of Dr. Shah) at ¶ 6; Am. Compl. at ¶¶ 66-68)  Holder indicated that he had been diagnosed with optic neuritis in the left eye since 1993 and in the right eye since 1996.  (Def's Ex. C at ¶ 6; Am. Compl. at ¶ 69)  He also reported seeing floaters in his right eye for approximately three weeks along with seeing occasional flashing lights. (Def's Ex. C at ¶ 6; Am. Compl. at  ¶ 70)

Dr. Shah examined Holder's pupils, lids, cornea, conjunctiva, anterior chamber, intraocular pressure, iris, and lense. (Def's Ex. C at ¶ 6)  Dr. Shah also evaluated Holder's vision and conducted a dilated fundus exam. (Id.)  Dr. Shaw diagnosed Holder with old / inactive optic neuritis and vitreous floaters.  (Id.)  No treatment is indicated for either condition.  (Id.)  Dr. Shah recommended a

---

[2] Dr. Shah is a New Jersey licensed physician, board certified in opthamology.  He is an independent contractor with Correctional Medical Services, Inc., which provides medical services in various state prisons in New Jersey.

follow-up appointment in six months. (Id.)

Dr. Shah conducted the six-month follow-up examination on September 26, 2001, at which time he undertook the same examination as before. (Id. at ¶ 7). Dr. Shah's impression was that Holder's presentation had not changed therefore no intervention was warranted. (Id.)

At Dr. Shah's referral, Holder saw a neuro-ophthalmologist, Dr. Martin S. Gizzi, on October 17, 2001.[3] (Def's Ex. F (Report of Dr. Gizzi)) Dr. Gizzi's impressions of Plaintiff's neuro-ophthalmological health were consistent with Dr. Shah's: old optic neuritis and benign floaters not warranting any "concern" given that the floaters appeared to be constant rather than deteriorating. (Id.) Dr. Gizzi did not prescribe any treatment. (Id.)

Dr. Shah's last interaction with Plaintiff occurred on October 27, 2004, at which time an examination was undertaken, consistent with the prior evaluations. Dr. Shah's impression remained the same. (Def's Ex. C at ¶ 10).

## II.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

---

[3] Dr. Gizzi is not a Defendant to this suit.

4

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

When, as here, the non-moving party fails to oppose the motion by written objection, pleading, memorandum, affidavit, or other evidence, the Court "will accept as true all material facts set forth by the moving party with appropriate record support." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990). An unopposed motion for summary judgment will not be granted solely because it is unopposed. Unopposed motions for summary judgment may only be granted if "appropriate." Fed. R. Civ. P. 56(e); *Anchorage Assocs.*, 922 F.2d at 175. Moreover the Court is particularly mindful that a prisoner's civil rights case should not be dismissed on a summary judgment motion merely for failure to submit opposition. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)(relying on *Anchorage Assocs.*). Keeping this guidance in

mind, we turn to the merits of Holder's claim.

### III.

Pursuant to 42 U.S.C. § 1983, Holder alleges that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.[4] Specifically, Holder asserts that Dr. Shah acted with deliberate indifference to Holder's serious medical needs by failing to provide treatment for his ophthalmologic conditions.  When Dr. Shah examined Holder, Dr. Shaw stated that "he could do nothing for the spots in [P]laintiff's right eye and if the eyes start to go blind to notify the clinic."  (Am. Compl. at ¶ 72).  Dr. Shah does not dispute these alleged facts.  He states that there is no treatment for Holder's symptoms.

In *Estelle v. Gamble*, the Supreme Court held that the Eighth Amendment requires the government to provide incarcerated prisoners with reasonable medical care.  429 U.S. 97, 103-04, (1976).  "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."  *Id*. at 104 (citations omitted).  Thus, to succeed on his Eighth Amendment claim, Holder must demonstrate that Dr. Shah acted with deliberate indifference

---

[4] There is no dispute that the moving Defendant is a state actor for the purposes of 42 U.S.C. § 1983.

6

to Holder's serious medical needs. *Miller v. Maurer*, No. 04-4312, 2006 U.S. App. LEXIS 8572 at * 3 (3d Cir. April 6, 2006); *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("The standard enunciated in Estelle is two-pronged: it requires deliberate indifference on the part of the prison officials and it requires the prisoner's medical needs to be serious.").

A "serious medical need" is a condition "that has been *diagnosed by a physician as requiring treatment* or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Colburn v. Upper Darby Tp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)(emphasis added). Both Dr. Shah and Dr. Gizzi concluded that Holder's ophthalmologic conditions-- old / inactive optic neuritis and vitreous floaters-- did not require treatment. Thus, we must conclude that Holder did not have a "serious medical condition" as that term is defined for Eighth Amendment claims.

Even if we were to conclude that Holder had a serious medical condition, however, summary judgment would still be warranted because there is no evidence that Dr. Shah acted with deliberate indifference to Holder's medical needs.

A denial of a reasonable request for medical treatment rises to the level of deliberate indifference when "such denial exposes

7

the inmate 'to undue suffering or the threat of tangible residual injury.'"  *Monmouth County*, 834 F.2d at 346 (citations omitted). Deliberate indifference may be established where an official "(1) knows of a prisoner's *need for medical treatment* but intentionally refuses to provide it; (2) delays *necessary medical treatment* based on a non-medical reason; or (3) prevents a prisoner from receiving *needed or recommended medical treatment*." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (emphasis added; citations omitted).

The prison doctor's act or omission must be "sufficiently harmful to evidence deliberate indifference" and "only such indifference that can offend 'evolving standards of decency'" violates the Eighth Amendment.  *Estelle*, 429 U.S. at 106.  Mere disagreements over the proper course of treatment do not support a claim of deliberate indifference.  *Monmouth County*, 834 F.2d at 346 (citations omitted); *see also White v. Napoleon*, 897 F.2d 103, 109-10 (3d Cir. 1990).

Drawing all reasonable inferences in favor of Holder, the record fails to establish that Dr. Shah acted with deliberate indifference.  Holder merely asserts that Dr. Shah failed to treat conditions for which Dr. Shah and another independent doctor have stated do not have treatments.  Holder may disagree with their conclusions, but such a disagreement does not amount

8

to a constitutional violation. *See Monmouth County*, 834 F.2d at 346. Even if both doctors were wrong in concluding that there is no available treatment (there is no evidence that they were), summary judgment would still be appropriate because such an error does amount to deliberate indifference. *See Estelle*, 429 U.S. at 106 ("medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

We hold that the record does not establish that Holder had a serious medical need or that Dr. Shah acted with deliberate indifference. Accordingly, there is no evidence of a constitutional violation and summary judgment on Holder's § 1983 claim will be granted.

**V.**

For the reasons set forth above, Dr. Shah's Motion for Summary Judgement will be granted. The Court will issue an appropriate Order.

Date:   05/15/06

s/*Joseph E. Irenas*
**Joseph E. Irenas**, S.U.S.D.J.

9